IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| 1. THE ROCKEFELLER UNIVERSITY and <br> 2. CHIRON CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> 1. CENTOCOR, INC. and <br> 2. ABBOTT LABORATORIES <br><br> Defendants. | CIVIL ACTION NO. 2-04CV-168 <br><br> JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

The Rockefeller University ("Rockefeller") and Chiron Corporation ("Chiron") (collectively "Plaintiffs") file their Original Complaint for patent infringement against the above-captioned Defendants, Centocor, Inc. ("Centocor") and Abbott Laboratories ("Abbott") (collectively "Defendants").

## PARTIES

1. Plaintiff Rockefeller is a renowned research institution located at 1230 York Avenue, New York, New York 10021.

2. Plaintiff Chiron is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 4560 Horton Street, Emeryville, California 94608.

3. Upon information and belief, Defendant Centocor is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 200 Great Valley Parkway, Malvern, Pennsylvania 19355.

30878151.DOC

4. Upon information and belief, Defendant Abbott is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 100 Abbott Park Road, Abbott Park, Illinois 60064.

5. On October 30, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,309,640 entitled "Lipoprotein Lipase Suppression by Endotoxin-induced Mediator (Shock Assay)" (the "'640 patent"). The '640 patent was assigned to Rockefeller which has granted an exclusive license to Chiron. Rockefeller and Chiron hold all right, title and interest in and to the '640 patent. A copy of the '640 patent is attached hereto as Exhibit A.

6. The '640 patent claims pharmaceutical compositions comprising, *inter alia*, an effective amount of an antibody that neutralizes tumor necrosis factor ("TNF").

7. On July 16, 2002, the USPTO duly and legally issued United States Patent No. 6,419,927 entitled "Method for Reducing Adverse Effects of a Human 70kDa Mediator Which Results from Endotoxin Stimulation of Macrophages" (the "'927 patent"). The '927 patent was assigned to Rockefeller which has granted an exclusive license to Chiron. Rockefeller and Chiron hold all right, title and interest in and to the '927 patent. A copy of the '927 patent is attached hereto as Exhibit B.

8. The '927 patent claims methods of treating an adverse effect of TNF in a human via the administration of an antibody that neutralizes TNF.

9. Upon information and belief, Defendant Centocor manufactures, markets, promotes, sells, and offers for sale Remicade®, a monoclonal antibody that neutralizes TNF. Remicade® is approved by the United States Food and Drug Administration ("FDA") and has been prescribed by doctors for the treatment of rheumatoid arthritis and Crohn's disease.

Centocor has received, and will continue to receive, significant revenue in connection with the manufacture and sale of Remicade®.

10. Upon information and belief, Defendant Abbott manufactures, markets, promotes, sells, and offers for sale Humira®, a monoclonal antibody that neutralizes TNF. Humira® is approved by the FDA and has been prescribed by doctors for the treatment of rheumatoid arthritis. Abbott has received, and will continue to receive, significant revenue in connection with the manufacture and sale of Humira®.

## JURISDICTION AND VENUE

11. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 271.

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b).

## COUNT I: INFRINGEMENT OF THE '640 PATENT

14. Plaintiffs reallege paragraphs 1 through 13 above as if fully set forth herein.

15. Centocor, in violation of 35 U.S.C. § 271(a), has directly infringed and is directly infringing the '640 patent by making, using, selling and/or offering to sell Remicade® within the United States, including in this judicial district.

16. Centocor, in violation of 35 U.S.C. § 271(b), has actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '640 patent by intentionally aiding and abetting third parties' use and/or sale of the invention of the '640 patent

through its advertising, marketing, sales, distribution, and dissemination of information concerning Remicade®.

17. Abbott, in violation of 35 U.S.C. § 271(a), has directly infringed and is directly infringing the '640 patent by making, using, selling and/or offering to sell Humira® within the United States, including in this judicial district.

18. Abbott, in violation of 35 U.S.C. § 271(b), has actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '640 patent by intentionally aiding and abetting third parties' use and/or sale of the invention of the '640 patent through their advertising, marketing, sales, distribution, and dissemination of information concerning Humira®.

19. Upon information and belief, Defendants had and have actual notice of the '640 patent, and Defendants have infringed and are infringing the '640 patent with knowledge of Plaintiffs' patent rights, without a reasonable basis for believing that Defendants' conduct is lawful. Defendants' acts of infringement have been and are willful and deliberate.

**COUNT II: INFRINGEMENT OF THE '927 PATENT**

20. Plaintiffs reallege paragraphs 1 through 19 above as if fully set forth herein.

21. Centocor, in violation of 35 U.S.C. § 271(b), has actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '927 patent by intentionally aiding and abetting third parties' practice of the invention of the '927 patent through its advertising, marketing, sales, distribution, and dissemination of information concerning Remicade®.

22. Centocor, in violation of 35 U.S.C. § 271(c), has knowingly contributed and is knowingly contributing to the infringement of the '927 patent by selling and/or offering to sell within the United States Remicade® which is a material part of practicing the invention claimed in the '927 patent. Centocor knows that Remicade® is especially made or adapted for use in the infringement of the '927 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

23. Abbott, in violation of 35 U.S.C. § 271(b), has actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '927 patent by intentionally aiding and abetting third parties' practice of the invention of the '927 patent through their advertising, marketing, sales, distribution, and dissemination of information concerning Humira®.

24. Abbott, in violation of 35 U.S.C. § 271(c), has knowingly contributed and is knowingly contributing to the infringement of the '927 patent by selling and/or offering to sell within the United States Humira® which is a material part of practicing the invention claimed in the '927 patent. Abbott knows that Humira® is especially made or adapted for use in the infringement of the '927 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use.

25. Upon information and belief, Defendants had and have actual notice of the '927 patent, and Defendants have infringed and are infringing the '927 patent with knowledge of Plaintiffs' patent rights, without a reasonable basis for believing that Defendants' conduct is lawful. Defendants' acts of infringement have been and are willful and deliberate.

26. By reason of the foregoing, Plaintiffs have been and are being damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, The Rockefeller University and Chiron Corporation pray for the following relief against Defendants Centocor, Inc., and Abbott Laboratories:

1. For judgment in favor of Plaintiffs that Defendants have infringed and are infringing Plaintiffs' Patents, directly and by way of inducing infringement and contributing to the infringement;

2. For an award of damages for Defendants' infringement of Plaintiffs' Patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;

3. For a determination that Defendants' infringement has been and is willful, and an award of treble the amount of damages and losses sustained by Plaintiffs as a result of Defendants' infringement, under 35 U.S.C. § 284;

4. For a determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award to Plaintiffs of their reasonable attorneys' fees;

5. For an Order requiring Defendants to file with the Court and to serve on Plaintiffs, within 30 days after entry of final judgment in this case, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's Order granting relief as prayed for herein; and

6. For such other and further relief in law or in equity to which Plaintiffs may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs The Rockefeller University and Chiron Corporation demand a trial by jury of any and all issues triable of right before a jury.

Respectfully submitted,

**McKOOL SMITH P.C.**

By: /s/ Sam Baxter
Sam Baxter
Attorney-in-Charge
Texas State Bar No. 01938000
505 E. Travis, Suite 105
P.O. Box 0
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622
sbaxter@mckoolsmith.com

Of Counsel:

Kaye Scholer LLP
425 Park Ave.
New York, New York 10022
Telephone: (212) 836-8000


**ATTORNEYS FOR PLAINTIFFS,
THE ROCKEFELLER UNIVERSITY AND
CHIRON CORPORATION.**

EXHIBITS NOT SCANNED

ORIGINALS ARE IN THE

CLERK'S OFFICE